UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINALD WAYNE ROBINSON,<br><br>             Petitioner,<br><br>      v.<br><br>RENTON MUNICIPAL COURT, *et al*.,<br><br>             Respondents. | Case No. C17-0539-TSZ-MAT<br><br>REPORT AND RECOMMENDATION |

Petitioner Reginald Robinson is currently confined at the South Correctional Entity (SCORE) in Des Moines, Washington. On April 6, 2017, petitioner submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2013 Renton Municipal Court judgment. (*See* Dkt. 6 at 1.) Petitioner identified two grounds for relief in his petition: (1) that the Renton Municipal Court had no jurisdiction to punish him for violating "Zero Tolerance" conditions imposed by that court where the alleged violation involved a crime committed outside of Renton; and, (2) that the "Zero Tolerance" conditions imposed by the Renton Municipal Court were never fully explained to him. (*Id*. at 7, 11.)

After reviewing the petition, this Court determined that petitioner had not alleged a cognizable ground for relief because he had not identified any federal constitutional basis for the

REPORT AND RECOMMENDATION
PAGE - 1

claims asserted therein. Thus, on May 8, 2017, this Court issued an Order directing petitioner to show cause why his federal habeas petition should not be dismissed for failure to state a cognizable ground for relief. (Dkt. 7.) The Court explained in that Order that a federal district court may entertain an application for a writ of habeas corpus by an individual in custody pursuant to a judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Dkt. 7 at 1 (citing 28 U.S.C. § 2254(a)).) Petitioner was directed to file a response to the Order to Show Cause not later than June 12, 2017. (*Id*. at 2.) To date, the Court has received no such response.

Because petitioner failed to identify in his petition for writ of habeas corpus any cognizable ground for federal habeas relief, and because petitioner has made no effort to show cause why this action should not be dismissed, this Court recommends that petitioner's petition for writ of habeas corpus and this action be dismissed with prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>**July 14, 2017**</u>.

DATED this <u>20th</u> day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3